IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cr-175 |
| | ) | |
| MINAS LITOS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Preserve and Produce Agents' Notes [DE 39], the Motion for Exculpatory Information Relative to the Issue of Materiality [DE 42], the Motion to Compel Government for Disclosure of Rule 404(b) Evidence [DE 43], the Motion for Early Return of Subpoenas for Records [DE 44], and the Motion for Jencks Material [DE 46], filed by the defendant, Minas Litos, on September 30, 2013. For the following reasons, the Motion to Preserve and Produce Agents' Notes [DE 39] is **DENIED**, the Motion for Exculpatory Information Relative to the Issue of Materiality [DE 42] is **DENIED**, the Motion to Compel Government for Disclosure of Rule 404(b) Evidence [DE 43] is **DENIED**, the Motion for Early Return of Subpoenas for Records [DE 44] is **GRANTED**, and the Motion for Jencks Material [DE 46] is **DENIED**.

*Background*

The indictment charges the defendants with one count of conspiracy to commit wire fraud and fifteen counts of wire fraud. It describes a mortgage fraud scheme. The defendants operated a real estate business that bought and sold homes in Gary, Indiana. They attempted to

1

find buyers who would purchase multiple properties. As part of the scheme, the defendants induced individuals by claiming that no money was needed to buy a home. For almost every transaction, the defendants lined up the financing for the buyers. In many cases, a buyer did not see the loan application until closing. Before the closings, the defendants conducted a series of financial transactions to hide from the lenders the fact that the defendants were providing the down payment funds. As a further inducement, the defendants paid kickbacks to some of the buyers. Like the down payment money, the defendants did not disclose the payments to the lenders. Altogether, the indictment and discovery materials reveal that the defendants conducted 45 fraudulent transactions with multiple lenders.

*Discussion*

In order to convict a defendant of wire fraud, the government must prove: (1) the defendant participated in a scheme to defraud; (2) the defendant intended to defraud; and (3) a use of an interstate wire in furtherance of the fraudulent scheme. **United States v. Radziszewski**, 474 F.3d 480, 484-85 (7th Cir. 2007). "A scheme to defraud requires the making of a false statement or material misrepresentation, or the concealment of material fact." **United States v. Sloan**, 492 F.3d 884, 890 (7th Cir. 2007) (internal quotations marks and citations omitted). Intent to defraud means the defendant willfully acted "with the specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another." **United States v. Howard**, 619 F.3d 723, 727 (7th Cir. 2010) (quoting **United States v. Britton**, 289 F.3d 976, 981 (7th Cir. 2002)). The defendant has made several discovery requests to aid in defending these charges.

The defendant first moves the court to compel the government to turnover exculpatory

information related to the issue of materiality.  Specifically, the defendant believes that the government has information that would show that Bank of America encouraged its loan officers to write loans without concern for the applicant's creditworthiness and that such evidence would rebut the government's argument that the alleged fraud was based on information material to the bank's lending practices.

Under *Brady,* the government is required to disclose evidence that is favorable to the defendant and material to the defense.  However, in *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Supreme Court stated:

> The *Brady* rule is based on the requirement of due process.  Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur.  Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial . . . (footnotes omitted)
>
> 473 U.S. at 675, 105 S.Ct. at 3380.

*See also* *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999); *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995) ("We have never held that the constitution demands an open file policy . . .").

"*Brady* does not require a prosecutor to divulge every scintilla of evidence that might conceivably inure to a defendant's benefit." *Lieberman v. Washington*, 128 F.3d 1085, 1092 (7th Cir. 1997).  The government only is required to disclose material exculpatory evidence which, by definition, is evidence that has a reasonable probability of affecting the outcome of the trial.  *Lieberman*, 128 F.3d at 1092; *United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997).

Here, the parties dispute whether the information the defendant seeks is material and

3

subject to turnover under *Brady*. In support of his argument that the information is material, the defendant cites to *United States v. Phillips*, 731 F.3d 649 (7th Cir. 2013). In *Phillips*, the defendants desired to present evidence that the lender told them that the borrower's income on the loan application should include the total income from which the loan would be repaid rather than just the borrower's income. The District Court excluded this evidence as irrelevant, ruling that "if mortgage applicants 'sign something and they send it in, they're attempting to influence the bank . . .'" *Phillips,* 731 F.3d at 651. The Seventh Circuit explained that making a statement that is false and influences a bank is not a crime unless the statement was knowingly false. *Phillips,* 731 F.3d at 652. The court acknowledged that materiality was not an element of the offense but stated that it was relevant because if the loan applicant did not think that his falsehood would influence the bank, it was unlikely that he intended to influence bank. *Phillips,* 731 F.3d at 652. The Seventh Circuit determined that whether the loan officer influenced the false statement was pertinent to whether the defendants knowingly made a false statement and whether they intended to influence the bank. *Phillips,* 731 F.3d at 653.

In *Phillips*, the parties wanted to introduce evidence to show that they did not intend to defraud the bank. The evidence would have demonstrated that they misunderstood what information the loan application asked them to provide — not that they intentionally provided false information to deceive the bank. Here, the evidence the defendant seeks does not reflect his intent or understanding of the loan application. Rather, he requests information to show that one of the victim banks did not rely on the information presented in the loan application. The court agrees with the government that this information is irrelevant.

To show materiality, the government does not need to show that the lender relied on the

4

false statements. "Reliance is not an aspect of the materiality element in mail-fraud prosecutions." *United States v. Rosby*, 454 F.3d 670, 674 (7th Cir. 2006). The statement is material only if it is capable of influencing the decisionmaker's decision; there is no requirement that it actually do so. *United States v. Reynolds*, 189 F.3d 521, 525 (7th Cir. 1999). In fact, "a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have actually influenced or actually deceived the lender." *United States v. Haischer*, 2012 WL 5288006, *3 (D. Nev. Oct. 24, 2012) (citing *United States v. Rashid*, 383 F.3d 769, 778-779 (8th Cir. 2004)). The focus of the mail fraud statute is on the violator, and the purpose of the element of materiality is to ensure that the defendant actually intended to defraud. *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009).

The court is concerned only with whether the defendant intended to influence the bank. It is immaterial what the bank considered. Because the information the defendant seeks does not speak to his intent, and if found would show only that one bank did not rely on intentionally false statements, it is not relevant to the defense. For this reason, the defendant's Motion for Exculpatory Information Relative to the Issue of Materiality [DE 42] is **DENIED**.

The defendant next requests that the court compel the government to turnover Rule 404(b) evidence. Federal Rule of Evidence 404(b) prohibits evidence of other crimes, wrongs, or acts to prove the character of the defendant to show that he acted in conformity. However, the evidence is admissible for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." **Rule 404(b)(2)**. In a criminal case, the government must provide reasonable advance notice of its intent to introduce such evidence. **Rule 404(b)(2)**. The defendant requests production of this information

5

six weeks preceding trial so that he may prepare his defense.

At the June 26, 2013 status conference, the court stated that the other deadlines would be set at the Final Pre-Trial Conference as is customary. Although the conference is set a little more than two weeks before trial, production at this time would be reasonable notice under Rule 404(b). *See **United States v. Shorter***, 2004 WL 2496496, *1 (N.D. Ill. Nov. 3, 2004) (finding two weeks notice reasonable); ***United States v. Garrett***, 2002 WL 1968391, *2 (N.D. Ill. August 26, 2002) (explaining that two weeks notice is sufficient in bankruptcy fraud case); ***United States v. Patel***, 2002 WL 1750948, *2 (July 26, 2002) (finding one week notice reasonable). The government has made it clear that it is aware of its obligations under Rule 404(b), and the defendant has not shown that it is unreasonable to set the date for turnover at the Final Pre-Trial Conference as the court has instructed that it would. For this reason, the defendant's Motion to Compel Government for Disclosure of Rule 404(b) Evidence [DE 43] is **DENIED.**

The defendant also argues that the Jencks Act materials should be disclosed no later than six weeks before trial. The Jencks Act states:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> **18 U.S.C. § 3500(a).**

Statements that fall under the Jencks Act are not producible until after the witness testifies. *See **United States v. Feinbert***, 502 F.2d 1180, 1182-1183 (7th Cir. 1974); ***United States v. Sims***, 808 F.Supp. 607, 616 (N.D. Ill. 1992) (noting that courts have no authority to order pretrial disclosure of material embraced by the Jencks Act). Pre-trial disclosure exceeds the demands of

6

the Jencks Act. ***United States v. Balogun***, 971 F.Supp. 1215, 1233 (N.D. Ill. 1997).

Here, the government has agreed to turnover the Jencks Act material before trial at the time set by the court at the pretrial conference. Because the Jencks Act does not require disclosure before trial, the court finds the government's agreement reasonable, and **DENIES** the defendant's Motion for Early Production of Jenck's Material [DE 46].

The defendant separately requests that the court order the government to preserve and produce all handwritten notes made by its investigating agents, arguing that the notes must be turned over under the Jencks Act. The government responded that it has instructed its agents to preserve all interview notes but that the defendant's request for production of the notes is overbroad and unsupported by law. The parties agree that the notes only are discoverable if they "were a substantially verbatim transcript of the [witness'] remarks, or were his own written statement adopted or approved by him." ***United States v. Starnes***, 644 F.2d 673, 681 (7th Cir. 1981). The government can satisfy its burden by providing a written report that contains all of the information found in the agent's original notes. ***United States v. Coe***, 220 F.3d 573, 583 (7th Cir. 2000). However, the defendant complains that he cannot discern whether he is entitled to the notes without reviewing them. The defendant asks the court to conduct an in camera inspection to determine if the notes essentially are a verbatim transcript of the witnesses' statements and whether the agent's written report contains all of the information in the agent's notes.

As the court has explained, the Jencks Act does not require the government to turn over statements or reports prepared by a government witness until that witness has testified at trial. Therefore, the government is not required to turn over the evidence at this time. If the

7

government calls one of the witnesses who spoke to the government's agents at trial, the court may then conduct an in camera inspection to determine if the defendant should be permitted to review the notes. *See* ***United States v. Allen***, 798 F.2d 985, 1011-1012 (7th Cir. 1986) (explaining that the agent's notes only should be turned over under the Jencks Act to impeach a witness, and if the witness has not testified, the defendant is not entitled to the information; however, if a witness testifies, the defendant must lay the foundation to show that an in camera inspection is warranted). Moreover, to qualify as statements that could impeach the witness, the defendant must establish the appropriate foundation to warrant an in camera inspection. ***Allen,*** 798 F.2d at 1013. Here, the defendant has done nothing more than request that the information be reviewed by the court. His request is premature and insufficient. The government is aware of its obligation to preserve its agents' notes, and the court can inspect them if the need arises. Therefore, the defendant's motion is **DENIED**.

The defendant also moved for early return of the trial subpoenas. The government does not oppose the defendant's request, provided it also is granted leave to obtain early return of its subpoenas. The government also requested that the court order that any records or objects obtained by either side be made available for inspection by the opposing party. The defendant objects to this request.

Federal Rule of Criminal Procedure 17(c) states that the court "may direct the witness to produce the designated items in court before trial . . . When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." In ***United States v. Bradley***, 2011 WL 1102837, *3 (S.D. Ill. March 23, 2011), the court noted that the Seventh Circuit has not addressed whether the documents produced can be viewed ex parte but explained that the

plain language of Rule 17(c) "'negates any assumption that production should be on an ex parte basis.'" (citing *United States v. Hart*, 826 F.Supp. 380, 381 (D. Colo. 1993)). Rule 17(c) states that it is within the court's discretion to allow the documents to be inspected by "the parties". "'There can be no right to an ex parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial .'" *Bradley*, 2011 WL 1102837 at *3 (citing *Hart,* 826 F.Supp. at 381). *See also United States v. Urlacher,* 136 F.R.D. 550, 555 (W.D.N.Y. 1991). It is the majority view of the courts that the structure of Rule 17 requires the court to allow both parties to view the documents returned under the subpoena. *See Bradley*, 2011 WL 1102837 at *3; *Urlacher*, 136 F.R.D. at 555-556; *United States v. Finn*, 919 F.Supp. 1305, 1330 (D. Minn. 1995); *United States v. Stewart*, 1997 WL 103700, *1 (E.D. Pa. March 4, 1997).

Because Rule 17 does not permit for ex parte inspection, the court agrees that both parties should be permitted to inspect the documents returned by the subpoena. For this reason, the court **GRANTS** the defendant's motion for early return of the subpoenas and will permit both parties to inspect the documents returned thereunder.

The government also requests that the court order the defendants to comply with Rule 16(b) and turnover discovery that is within their control. The defendant did not raise any opposition to this request in his reply brief. For this reason, the court **ORDERS** the defendants to comply with Rule 16(b) and to allow the government to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, copies or portions of any of these items if (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

9

Based on the foregoing reasons, the Motion to Preserve and Produce Agents' Notes [DE 39] is **DENIED**, the Motion for Exculpatory Information Relative to the Issue of Materiality [DE 42] is **DENIED**, the Motion to Compel Government for Disclosure of Rule 404(b) Evidence [DE 43] is **DENIED**, the Motion for Early Return of Subpoenas for Records [DE 44] is **GRANTED**, and the Motion for Jencks Material [DE 46] is **DENIED**.

ENTERED this 24th day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge